# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Criminal Case No. 02-371 (RJL)** |
| | ) |
| **GREGORY JACKSON,** | ) **FILED** |
| | ) |
| **Defendant.** | ) FEB 1 0 2009 |

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION & ORDER
### (February 9, 2009)

Before the Court is defendant Gregory Jackson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] ([Dkt. #88].) Defendant seeks an order vacating his conviction on account of ineffective assistance of counsel or, alternatively, relief on account of an alleged discrepancy between this Court's oral pronouncement at the sentencing hearing and the Judgment. For the following reasons, defendant's motion is DENIED.[2]

---

[1]      28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[2]      The Court has determined that a hearing is not necessary for this motion. Indeed, a district court is not required to hold an evidentiary hearing on a Section 2255 motion if, as here, the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Pollard*, 959 F.2d 1011, 1030-31 (D.C. Cir. 1992). "Only where the [Section] 2255 motion raises

## BACKGROUND

On August 6, 2002, Metropolitan Police Department ("MPD") officers executed a search warrant at defendant's place of residence in Washington, DC. (Plea Hr'g Tr. at 19:2-20:12, Jan. 29, 2004 [Dkt. # 50].)  There they found an operable sawed-off 12-gauge shotgun and 45 ziplock bags containing heroin as well as cocaine base on the defendant's person.  (*Id.*)  A grand jury subsequently returned a five-count indictment.[3]  (Indictment, Sept. 5, 2002 [Dkt. # 4].)  While on pretrial release, defendant was arrested on April 1, 2003 after MPD officers saw defendant engage in an apparent drug transaction.  (Plea Hr'g Tr. at 20:17-21:21.)  A grand jury subsequently returned a superseding seven-count indictment.[4]  (Superseding Indictment, June 19, 2003 [Dkt. # 23].)

On January 29, 2004, defendant entered a guilty plea pursuant to a written cooperation agreement with the government to one count of Unlawful Possession

---

'detailed and specific' factual allegations whose resolution requires information outside of the record or the judge's 'personal knowledge or recollection' must a hearing be held." *Pollard*, 959 F.2d at 1031 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

[3]     The indictment charged defendant with: one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for One Year or More, in violation of 18 U.S.C. § 922(g)(1); one count of Unlawful Possession With Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); one count of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1); one count of Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a); and one count of Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d).

[4]     The superseding indictment added an additional count of Unlawful Possession With Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of Unlawful Possession with Intent to Distribute Heroin Within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a).

With Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(C), and one count of Using, Carrying and Possessing a Firearm During a

Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). (Plea Hr'g Tr. at

22:6-23:13.) On December 6, 2006, after considering the government's motion

for a downward departure on account of defendant's cooperation, this Court

sentenced defendant to the custody of the Bureau of Prisons for a prison term of

27 months on Count Two and 51 months on Count Three, to be served

consecutively. (Judgment at 2 [Dkt. # 71].) Defendant was given credit for time

served, and the last six months of the sentence was to be served in a halfway

house. (*Id.*) Defendant now seeks relief from his sentence pursuant to 28 U.S.C. §

2255 on two grounds.[5] For the following reasons, neither of his claims have merit.

## DISCUSSION

### I.      Ineffective Assistance of Counsel

Defendant argues that he was denied effective assistance of counsel in

connection with his guilty plea. "[T]he validity of a guilty plea depends on

'whether the plea represents a voluntary and intelligent choice,' and . . . 'the

voluntariness of the plea depends on whether counsel's advice' satisfies the Sixth

Amendment guarantee of effective assistance." *In re Sealed Case*, 488 F.3d 1011,

---

[5]      On December 18, 2006, defendant filed *pro se* a document styled "Ineffective
Assistance of Counsel, Conflict of Interest, Possible Grounds of Obstruction of Justice,"
for which this Court granted leave to file as a Notice of Appeal. (Notice of Appeal, Jan.
8, 2007 [Dkt. # 72].) The United States Court of Appeals for the District of Columbia
subsequently remanded the case to this Court "for the limited purpose of allowing
appellant to present his claim of ineffective assistance of counsel." (Order, U.S.C.A. No.
07-3008, Mar. 5, 2008.) Defendant thereafter filed the present motion on July 22, 2008.

1015 (D.C. Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). To

establish ineffective assistance of counsel in this context, a defendant must "show

both that counsel's advice was not 'within the range of competence demanded of

attorneys in criminal cases,' . . . and that as a result he was prejudiced, *i.e.* 'there is

a reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial.'" *United States v. Horne*, 987

F.2d 833, 835 (D.C. Cir. 1993) (quoting *Hill*, 474 U.S. at 56, 59) (internal citations

omitted); *see also Strickland v. Washington*, 466 U.S. 668 (1984) (establishing

two-part test for evaluating ineffective assistance of counsel claims). "A

reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Strickland*, 466 U.S. at 694. Indeed, "[a] defendant must make more

than a bare allegation that he would have pled differently and gone to trial." *Best*

*v. Drew*, No. 01-262, 2006 WL 2035652, *4 (D.D.C. July 18, 2006) (citing *Horne*,

987 F.2d at 836).

    Here, defendant's ineffective assistance of counsel claim fails for lack of

prejudice. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course

should be followed."). Defendant contends that his counsel afforded him

inadequate time to consider the plea, failed to make him fully aware of his options,

misadvised him as to the statutory minimum sentencing requirements, and told

him that he could not win the case and would receive a far more severe sentence if

convicted by a jury. (Def.'s Mot. at 4, 6.) But even presuming these claims

4

establish that defendant's counsel's performance was deficient, defendant fails to

establish a reasonable probability that but for his counsel's deficient performance

he would have insisted on going to trial.[6]  Defendant's motion asserts that "if

[defendant] had more time to consider the plea, he would have rejected the offer

and proceeded to trial to contest the gun charge," which defendant argues he

would have refuted on the basis that he never had actual or constructive possession

of the weapon. (*Id.* at 6.)  Defendant, however, did not have the option to proceed

to trial only on the gun charge and he provides no evidence, nor does he aver, that

he would have gone to trial on the full, seven-count indictment or that he had a

defense to any of the charges beyond the gun charge. *Cf. In re Sealed Case*, 488

F.3d at 1017 (analyzing all of the counts defendant would have faced had he

chosen to go to trial); *United States v. Farley*, 72 F.3d 158, 165 (D.C. Cir. 1995)

(denying Section 2255 motion where defendant "ha[d] not proffered even a hint of

---

[6]      The Court notes that each of defendant's deficiency claims is nevertheless belied by defendant's own statements during the Rule 11 plea colloquy.  Defendant stated that he had had an adequate opportunity to discuss the plea with his counsel, that he was "very, very satisfied" with his attorney's representation, that he understood that the statutory minimum sentence for his gun offense was ten years imprisonment, that he had read "most of" the plea agreement and felt he understood it, that no one threatened or in any way forced him to enter a guilty plea, and that he was voluntarily pleading guilty to the two offenses because he was in fact guilty. (Plea Hr'g Tr. at 5:15-6:6, 11:5-10, 14:5-22, 15:8-15, 17:21-24, 22:6-11.)  Defendant's claim now that he was rushed into accepting the plea agreement without the benefit of a complete and private conversation with his counsel after receiving the agreement for the first time the morning of the hearing is insufficient to overcome the "strong presumption of verity" these open-court statements carry. (Aff. of Gregory V. Jackson ¶¶ 1-5, June 28, 2008); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *cf. United States v. Tepper*, No. 93-77, 1994 WL 86600, *6-8 (D.D.C. Feb. 28, 1994) (denying Section 2255 motion where government offered defendant plea agreement for first time just prior to hearing on motion to suppress and defendant accepted).

any defense, much less a suggestion that he could have succeeded had he gone to trial"). Indeed, given the lack of evidence that defendant would have succeeded at trial and the prospect of a significantly higher sentence absent defendant's cooperation with the government, defendant's guilty plea appears to have been the rational choice. Accordingly, this Court cannot conclude that there is a reasonable probability defendant would have gone to trial, but for his counsel's alleged deficient performance.[7]

## II.    Sentence Discrepancy

Finally, defendant also alleges that this Court pronounced a 72-month sentence at the sentencing hearing but issued a 78-month sentence in the Judgment and argues that this "clear discrepancy" should be resolved in his favor. (Def.'s Mot. at 8.) No such discrepancy exists.

At the sentencing hearing, this Court unequivocally stated:

> It is the judgment of the Court that the Defendant Gregory Jackson is hereby committed to the custody of the Bureau of Prisons for 27 months on Count Two and for 51 Months on Count Three, the last six months of which to be served in a halfway house. The terms of imprisonment will be served consecutively and you will receive

---

[7]    In addition, defendant's own representations to the Court following his guilty plea controvert his argument that he would not have pled guilty had he received effective counseling at the time of his plea. Citing deterioration in the attorney-client relationship, on July 5, 2006 defendant's counsel moved to withdraw her representation, which this Court granted. Following the appointment of new counsel, defendant noted his dissatisfaction with the government's recommended sentence and stated that he was considering requesting leave to withdraw his plea. (Status Hr'g Tr. at 3:15-5:21, Sept. 14, 2006 [Dkt. # 80].) Defendant ultimately chose, however, not to pursue such relief and instead told the Court that he preferred to move forward with sentencing. (Status Hr'g Tr. at 3:20-4:11, Sept. 27, 2006 [Dkt. # 81].)

credit for the 40 months of time served at this point, roughly
approximately 40 months of time served.

(Sentencing Hr'g Tr. at 17:18-24, Dec. 6, 2006 [Dkt. # 82].)  This pronounced

sentence is consistent with the sentence set forth in the Judgment.  (*See* Judgment

at 2.)  Later in the hearing, while discussing the importance of defendant's

compliance with the terms of his supervised release, this Court added:

> If he is going to be back in front of me, then he might as well
> just be asking [his counsel] the question, well, what's the most he
> can give me, Judge, because that's probably what he is going to get
> because it will be clear [in] that situation he didn't learn his lessons,
> any of these lessons here, that this was all some kind of show.
>     I don't think that's the case, of course.  If I did, I wouldn't
> give him this sentence.  I wouldn't give him 72 months total, but I
> really hope I won't see him back here again.  I hope he's going to
> stay on this right path he is on, make sure he understands the
> consequences of going down the wrong road again though because
> he is going to be in jail.  At this age, this is just not the best thing for
> him.

(*Id.* at 21:4-16.)  This Court's reference to 72 months at this later point in the

hearing was not inconsistent with either its earlier pronouncement of the sentence

or the Judgment.  Rather, it was a reference to the 72 months of *incarceration*

defendant received:  27 months on Count Two plus 51 months on Count Three

minus 6 months at a halfway house.

## CONCLUSION & ORDER

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 is DENIED; and it is further

**ORDERED** that the clerk shall promptly notify the United States Court of Appeals for the District of Columbia of this Court's determination.

RICHARD J. LEON
United States District Judge